# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MALIBU MEDIA, LLC,

               Plaintiff,               Case No. 15-10274

                                             Hon. Nancy G. Edmunds

v.                                Magistrate Judge Elizabeth A. Stafford

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 24.11.220.117,

               Defendant.

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE FOR AN EXPEDITED HEARING TO RELEASE THE DEFENDANT'S IDENTITY, WITH INCORPORATED BRIEF

"Defendant John Doe subscriber assigned IP address 24.11.220.117", through her attorneys, files her response to Plaintiff's Notice For An Expedited Hearing To Release The Defendant's Identity (R. 18). In support of Defendant's response motion, Defendant provides her incorporated brief, as follows:

## <u>STATEMENT OF ISSUE PRESENTED</u>

Should the Court reveal Defendant's identity where Defendant has retained counsel and she is willing to engage in the exchange of pretrial disclosures and discovery subject to the entry of a protective order prohibiting disclosure of his identity in the public record?

Defendant answers:  No

## STATEMENT OF MOST CONTROLLING AUTHORITY

In support of her Response, Defendant primarily relies upon Fed. R. Civ. P. 26(c).

## SUMMARY

Plaintiff is a pornographer and serial litigant that has built a profitable business scheme extracting quick settlements by suing unidentified individuals, such as Defendant, based on lurid and unsubstantiated accusations involving pornography.   As part of its systematic shaming litigation strategy,   Plaintiff Pornographer attached to its complaint a gratuitous list of 37 pornographic movies and their titles, including "Cum In Get Wet, "Awe Inspiring Orgy," and "Exposed And Aroused."  **[R. 1-1** at 1].  Now, Plaintiff Pornographer gratuitously seeks a court order to reveal the identity of Defendant: a 50-year-old married woman.[1]

Defendant disagrees that Plaintiff Pornographer requires a court order revealing Defendant's identity.[2]  Further, Plaintiff Pornographer has no real interest in prosecuting its claims; it has neither requested a Rule 26(f) conference nor asked Defendant to sign a waiver for service of the Summons and Complaint.[3]  Rather

---

[1] Defendant notes that Plaintiff provides virtually no explanation for its instant notice for expedited hearing, including a total failure to cite court rules or caselaw supporting its alleged need to reveal Defendant's identity.

[2] When asked why Plaintiff Pornographer is demanding Defendant's real name, Plaintiff's counsel informed Defendant's counsel that he will need to depose Defendant's neighbors regarding this suit—and reveal her name to her neighbors.

[3] Defendant has repeatedly offered to sign a waiver.  Why won't Plaintiff simply offer a waiver? Atleast one other district court has recognized that Plaintiff Pornographer lacks the resources to even prosecute its claims: "According to a PACER search, Malibu Media has filed over a thousand cases thus far in 2013. The Court doubts that Malibu Media has the resources to fully litigate even a

than prove its case, Plaintiff Pornographer seeks to put Defendant between the horns of a dilemma: face public association with defamatory claims involving graphic pornography, or incur significant attorney fees fighting against a well-oiled litigation machine that, since 2012, has filed over 3,500 federal lawsuits against thousands of John Does. [4]   Indeed, Plaintiff Pornographer has filed two hundred and sixty cases (260) against John Does—*in this Court alone*.  **Exhibit 3**.

The authenticity of Plaintiff Pornographer's alleged need for Defendant's identity is further belied by the fact that Defendant's counsel has repeatedly offered to provide Defendant's name and address to Plaintiff Pornographer's counsel pursuant to a protective order.  Rather than stipulate to a straight-forward protective order, Plaintiff Pornographer first forced Defendant to incur expenses to file a motion for protective order **[R. 11]**—which was later resolved by a stipulated order providing "that beyond being known by or as Defendant's IP address of 24.11.220.117, Defendant's identity shall not be disclosed or revealed in these proceedings and shall remain protected and anonymous until further order of the

---

fraction of this amount of cases." According to the federal district court, the sheer number of lawsuits filed by Plaintiff Pornographer corroborates the belief that suits are "being filed to coerce quick and early settlements."  *Malibu Media, LLC v Doe*, No. 13-C-536, 2013 WL 6579338, at *4 (ED Wis December 12, 2013).  Case attached as **Exhibit 1**.

[4] *See* **Exhibit 2**, *5/15/2014 Article, New Yorker, "The Biggest Filer of Copyright Lawsuits?  This Erotica Website*.

Court." **[R. 14]**.  Three weeks after entry of this order, Plaintiff Pornographer filed its notice to reveal Plaintiff's identity—despite the parties resolving this issue **[R. 14]** and Defendant offering to provide Defendant's identity to Plaintiff Pornographer under a protective order.

After receiving notice of the expedited hearing, Defendant's counsel again reached out to Plaintiff Pornographer's counsel, and again offered to provide Defendant's name and address to opposing counsel pursuant to a protective order. Plaintiff Pornographer agreed and asked Defendant's counsel to draft a stipulation. Defendant's counsel obliged this request—only to have Plaintiff Pornographer go incommunicado when asked to approve the proposed stipulated protective order. Pornographer Plaintiff's counsel has therefore forced Defendant to incur thousands of dollars in costs to resolve a very straight-forward protective order that Plaintiff Pornographer claims it does not object to.    **[R. 12 at 6]**.   The significant correspondence between counsel is attached as **Exhibit 4**.

The federal courts are well aware of Plaintiff Pornographer's chicanery and abusive litigation tactics.  *See, e.g., Malibu Media, LLC v. Does 1–5,* 2012 WL 2001968 at *1 (S.D.N.Y. 2012) (stating that the court "shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded"); *Malibu Media, LLC v. John*

3

*Does 1–10,* 2012 WL 5382304 (C.D. Cal. 2012) (remarking that "the federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial"); *Malibu Media, LLC v. Does 1–13,* 2012 WL 2800123, *2, fn. 10 (E.D.Cal.2012) (noting "some growing concern among district courts about these sorts of expedited discovery matters"); *Malibu Media, LLC v Doe,* No. 13-C-536, 2013 WL 6579338, at *4 (ED Wis December 12, 2013) (noting that Plaintiff Pornographer's "cases are already infected with the potential for abuse" and "should not be allowed to abuse the legal system in this manner without being called to account for it").

Fed. R. Civ. P. 26(C)(1) provides an appropriate mechanism for protecting Defendant from Plaintiff Pornographer's abusive tactics—including filing its instant notice for expedited hearing—which serve only to embarrass and harass Defendant, and impose undue expenses.  Defendant requests the Court to deny Plaintiff's request to reveal Defendant's identity, with prejudice, pursuant to its power under Fed. R. Civ. P. 26(C)(1), and award Defendant her attorney fees incurred in having to respond to Plaintiff Pornographer's unnecessary and unreasonable notice for expedited hearing.

## PERTINENT FACTS AND PROCEDURAL HISTORY

On January 22, 2015, Malibu Media filed a lawsuit against "John Doe subscriber assigned IP address 24.11.220.117" alleging copyright infringement. **[R. 1, 1/22/15 *Complaint*]**.   On February 5, 2015, the Court entered an Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to Rule 26(f) Conference.   **[R. 5, 2/05/15 Order]**.   Plaintiff then issued a subpoena to Defendant's internet provider, Comcast, which sent correspondence to Defendant directing that it would produce his or her identification to Plaintiff if an objection to the subpoena was not filed by March 3, 2015.   Although Plaintiff has alleged that pornographic infringement is somehow connected with IP address 24.11.220.117, there is no evidence establishing that Defendant has in any way engaged in such conduct.

Defendant's counsel attempted to contact multiple times regarding entry of an appropriate protective order, received no response, and was forced to file a motion to quash the subpoena, or, in the alternative, for entry of a protective order **[R. 8]**.   Only then did Plaintiff Pornographer's counsel contact Defendant's counsel and agree to a stipulation.   The court entered the stipulated order on May 14, 2015 **[R. 14]**.

Three weeks later, Plaintiff filed the instant notice for expedited hearing without contacting Defendant's counsel **[R. 18]**.

## ARGUMENT

### A.   The Court should enter a protective order preventing the pre-trial disclosure of John Doe's identity.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order forbidding disclosure of information and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  . . ."  Fed. R. Civ. P. 26(c)(1)(A), (D); *Graves v Bowles*, 419 Fed Appx 640, 645 (6th Cir. 2011).

Plaintiff has not, and cannot, demonstrate why it needs to know Defendant's name, which indicates that Plaintiff is seeking the information to annoy, harass, and embarrass Defendant.  The complaint is, by the very nature of its allegations, prurient and offensive, and Plaintiff Pornographer went out of its way to attach an unnecessary appendix to its complaint, which lists the lurid sexual titles of various pornographic movies that it claims Defendant downloaded.  This strategy, of course, unnecessarily exposes Defendant to explicit association with humiliating activities that, even if true, are of a highly private and sensitive nature.[5]

---

[5] There is no evidence in this case to establish that Defendant herself was in any way involved in the downloading of the pornographic videos identified in the Complaint.

The conventional tool in dealing with such challenges is entry of a protective order. Accordingly, Defendant repeatedly offered to enter into a protective order to resolve this dispute. Plaintiff has not cooperated in good faith, **Exhibit 4**, and Defendant has now incurred significant expenses working to stipulate to a protective order that would allow Defendant to provide Plaintiff Pornographer with her name, while ensuring that Plaintiff Pornographer does not reveal her name. Instead of quickly resolving this issue by entering into a protective order, Plaintiff Pornographer filed this notice of expedited hearing and refused to timely enter a protective order that would have accomplished the *stated*[6] goals of both parties.

Plaintiff Pornographer's litigation tactics in this case, the nature of the allegations, and Plaintiff's failure to explain why it needs Defendant's identity demonstrate that Defendant is entitled to an order pursuant to Fed. R. Civ. P. 26(c).

**B.** **The Court should sanction Plaintiff pursuant to Fed. R. Civ. P 11(b)(1) for filing the notice for expedited hearing for the improper purpose of harassing and increasing the cost of the litigation.**

Fed. R. Civ. P. 11(b)(1) provides that an attorney or party, "by presenting to the court a pleading, written motion, or other paper . . . certifies to the best of the person's knowledge, information, and belief . . . it is not being presented for any

---

[6] Defendant maintains that Plaintiff Pornographer is not sincerely interested in obtaining Defendant's identity for any reason other than to publicly associate her with pornographic materials and coerce settlement.

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

As a preliminary matter, Plaintiff Pornographer has filed so many abusive lawsuits that multiple federal courts have already recognized Plaintiff Pornographer's particular breed of abusive litigation tactics. For a small sample, *see Malibu Media, LLC v. Does 1–5,* 2012 WL 2001968 at *1 (S.D.N.Y. 2012), *supra*; *Malibu Media, LLC v. John Does 1–10,* 2012 WL 5382304 (C.D. Cal. 2012), *supra*; *Malibu Media, LLC v. Does 1–13,* 2012 WL 2800123, *2, fn. 10 (E.D.Cal.2012), *supra*; *Malibu Media, LLC v Doe*, No. 13-C-536, 2013 WL 6579338, at *4 (ED Wis December 12, 2013), *supra*.

The instant case's facts separately demonstrate that Plaintiff Pornographer seeks to harass Defendant and drive up costs with unnecessary motions and "expedited" hearings regarding Defendant's identity. Defendant maintains that Plaintiff Pornographer has no legitimate reason to seek the pre-trial disclosure of Defendant's identity other than to harass her, embarrass her, and coerce a quick-and-dirty settlement. However, given the realities of litigation, Defendant has repeatedly offered to resolve this dispute by providing her name and address to Plaintiff Pornographer—subject to an appropriate protective order. This is common protocol. Instead of simply agreeing to a protective order, Plaintiff took the following steps to harass Defendant and increase litigation costs:

8

1. Plaintiff withheld concurrence to a protective order and forced Defendant to file a motion for a protective order **[R. 8]**.

2. Plaintiff, without contacting Defendant's counsel, filed a notice for an expedited hearing 3 weeks after Defendant and Plaintiff stipulated "that beyond being known by or as Defendant's IP address of 24.11.220.117, Defendant's identity shall not be disclosed or revealed in these proceedings and shall remain protected and anonymous until further order of the Court." **[R. 14]**;

3. After Defendant contacted Plaintiff's counsel regarding the instant notice for expedited hearing, Plaintiff's counsel requested that Defendant's counsel draft a stipulation and protective order—which Defendant's counsel did, at Defendant's cost. **Exhibit 4**. Plaintiff's counsel then refused to respond to Defendant's counsel request to enter the drafted protective order. *Id.*

Plaintiff Pornographer could have received Defendant's identity months ago had it truly wanted it. Instead, Plaintiff Pornographer has forced Defendant to file an unnecessary motion and draft two briefs. Plaintiff Pornographer has plainly taken a course of action that intentionally and unnecessarily ramps up costs and wastes the Court's time. Defendant requests that the Court discourage continued abusive tactics by sanctioning Defendant accordingly.

9

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant requests this Court to enter an order that:

A.    Denies Plaintiff's request to reveal Defendant's identity, with prejudice;

B.    Sanctions Plaintiff for violating Fed. R. Civ. P. 11(b)(1); and

C.    Awards Plaintiff any further relief it deems just and appropriate.

Respectfully submitted,

The Mike Cox Law Firm, PLLC

/s/ R.J. Cronkhite
R.J. Cronkhite (P78374)
*Attorneys for Defendant*
17430 Laurel Park Drive North, Suite
120E Livonia, MI 48152
(734) 591-4002
rj@mikecoxlaw.com

# EXHIBIT 1

2013 WL 6579338
Only the Westlaw citation
is currently available.
United States District Court,
E.D. Wisconsin.

MALIBU MEDIA, LLC, Plaintiff,
v.
John DOE, subscriber assigned IP
address 184.58.186.212, Defendant.
Malibu Media, LLC, Plaintiff,
v.
John Doe, subscriber assigned IP
address 97.83.171.176, Defendant.
Malibu Media, LLC, Plaintiff,
v.
John Doe, subscriber assigned IP
address 174.103.170.157, Defendant.

Nos. 13–C–536, 13–C–544,
13–C–779.    |    Dec. 12, 2013.

**Attorneys and Law Firms**

Mary K. Schulz, Schulz Law PC, Geneva, IL,
for Plaintiff.

Jerome F. Buting, Buting & Williams SC,
Brookfield, WI, for Defendant.

**DECISION AND ORDER**

RUDOLPH T. RANDA, District Judge.

 **\*1** In these and many other cases filed in
federal courts all over the country, Malibu
Media is suing individuals for illegally
downloading their copyrighted adult films.
The pattern that emerged, both here and

elsewhere, is that Malibu Media would sue
an anonymous defendant associated with an
Internet Protocol address and then attach an
exhibit to its complaint listing a large number
of downloaded titles that do not correspond to
the copyrights-in-suit. *See* Complaints, Exhibit
C. Some of these titles are crude, obscene, and
pornographic, much more so than the works
copyrighted by Malibu Media, a purveyor
of "sophisticated erotica."[1] Thus, an initially
anonymous defendant, who may or may not be
guilty of infringing Malibu Media's copyrights,
would likely feel pressured to enter a quick
settlement to avoid having his or her name
associated with a particularly embarrassing
list of pornographic films. Following the lead
of Judge Crocker and Judge Conley in the
Western District of Wisconsin, the Court issued
an order directing Malibu Media to show
cause as to why it should not be sanctioned
for attaching this exhibit to its complaints.
*Malibu Media, LLC v. Doe,* 2013 WL 5276081
(E.D.Wis. Sept. 17, 2013); *see also Malibu
Media LLC v. Doe,* 2013 WL 4821911
(W.D.Wis. Sept. 10, 2013) (Judge Conley's
Order imposing sanctions). Just like in the
Western District cases, the Electronic Frontier
Foundation ("EFF"), a non-profit digital rights
group, filed an amicus brief in support of
sanctions. Malibu Media has responded to the
Court's order to show cause and also to the
arguments presented by EFF.

The Court is considering sanctions under
Federal Rule of Civil Procedure 1 1(b)(1),
which provides that by "presenting to the court
a pleading ... an attorney ... certifies to the
best of the person's knowledge, information,
and belief, formed after an inquiry reasonable
under the circumstances" that the pleading

"is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Some courts have noted that Rule 11 has an objective component and a subjective component. *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1083 (7th Cir.1987). Under this line of reasoning, the objective inquiry asks whether the pleading was filed after reasonable investigation into the law and the facts, and the subjective inquiry asks whether the pleading was filed for an improper purpose. *In re Collins,* 250 B.R. 645, 661 (Bankr.N.D.Ill.2000) (citing *Szabo, Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.,* 9 F.3d 1263 (7th Cir.1993), and *Mars Steel Corp. v. Cont'l Bank N.A.,* 880 F.2d 928 (7th Cir.1988), among other cases). At the same time, there are "a few Seventh Circuit cases that place an 'objective' label on the test to determine whether a paper was interposed for an improper purpose." *Id.* (citing *Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 118 (7th Cir.1994); *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft,* 855 F.2d 385, 393 (7th Cir.1988)).

**\*2** It strikes the Court as counterintuitive to use an objective standard under Rule 11(b)(1), since "the test of whether a paper was interposed for an improper purpose focuses on the reasons or motives for the filing." *In re Collins* at 662. However, what the case law seems to suggest is that the circumstances surrounding an objectionable filing can be used to evaluate whether the filing was motivated by an improper purpose. *See, e.g., Nat'l Ass'n of Gov't Emp., Inc. v. Nat'l Fed'n of Fed. Emp.,* 844 F.2d 216, 224 (5th Cir.1988) ("A

court must focus on objectively ascertainable circumstances that support an inference that a filing harassed the defendant or caused unnecessary delay"); *Sussman v. Bank of Israel,* 56 F.3d 450, 458 (2d Cir.1995) (the court "is not to delve into the attorney's subjective intent" in filing the paper, but rather should assess objective factors such as "whether the papers or proceedings caused delay that was unnecessary, whether they caused increase in the cost of litigation that was needless, or whether they lacked any apparent legitimate purpose"). In other words, a court must "focus on the objectively ascertainable circumstances and not on the subjective intent of the filing party." *Bullard v. Chrysler Corp.,* 925 F.Supp. 1180, 1190 (E.D.Tex.1996) (citing *Sheets v. Yamaha Motors Corp.,* 891 F.2d 533, 538 (5th Cir.1990)); *see also Vandeventer v. Wabash Nat'l Corp.,* 893 F.Supp. 827, 840 (N.D.Ind.1995) ("where there is no direct evidence of subjective intent the courts have applied the objective test and have inferred improper purpose when a certified document (1) is meritless, and (2) results in delay, harassment, a needless increase in costs, or some other illegitimate result"). This is perhaps a more roundabout way of framing the issue like Judge Conley framed it: "even if this court is unable to conclude definitively that the attorney *subjectively* thought that he or she was engaging in harassment, sanctions may be warranted where an objectively reasonable attorney should know that: (1) there is no real need to take a given litigation action; *and* (2) the action would substantially harass or embarrass the opposing party." 2013 WL 4821911, at \*4 (citing *Harlyn,* 9 F.3d at 1270) (emphases in original); *see also Sheets,* 891 F.2d at 538 (if a "reasonably clear legal

justification can be shown for the filing of the paper in question, no improper purpose can be found and sanctions are inappropriate").

As before Judge Conley, Malibu Media vigorously defends its decision to attach Exhibit C to its complaints, explicitly disclaiming any sort of ill motive or intent. In a lengthy memorandum, Malibu Media explains that it hired a company called IPP International to expand the universe of .torrent files that are scanned as part of Malibu Media's pre-suit investigation. The result is Exhibit C, which is used as a cross-reference tool to help paint a picture of the alleged infringer. By comparing publicly-available information about the subscriber with the information in the cross-reference tool, Malibu Media asserts that is able to confirm or deny that the subscriber is the actual infringer. For example, if Malibu Media learns that the subscriber is a fan of the Chicago White Sox who enjoys fly fishing, and the cross-reference tool shows that four White Sox games and a how-to manual for fly fishing were downloaded using the subscriber's IP address, Malibu Media can use this information to prove that the subscriber was the individual who infringed its copyrights.

**\*3** As an initial matter, the actual relevance of this information is highly questionable. An IP address identifies, at most, an internet subscription that can be used by multiple people. Accordingly, it does not necessarily follow that the individual associated with certain unique characteristics —i.e., the White Sox fan/fly fishing enthusiast —is the individual who downloaded Malibu Media's films. Moreover, Malibu Media is a purveyor of "sophisticated erotica which is

appealing to men, women, and couples," [2] so hardcore pornography downloads are minimally probative of the actual infringer's identity. Fed.R.Evid. 404(b)(1), (2) ("other acts" evidence "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but such evidence "may be admissible for another purpose, such as proving ... identity ...").

Even if Exhibit C is somehow relevant or useful in this game of "whodunit," there is no legitimate justification for Malibu Media to attach the exhibit to its complaints in the first instance. In the mine run of cases, Malibu Media tracks the infringing activity to a specific IP address. Malibu Media then files a complaint along with a motion to serve a third-party subpoena on the anonymous defendant's Internet Service Provider. At this point, Malibu Media has stated a plausible claim for relief. A plaintiff doesn't need to anticipate or overcome substantive defenses in its pleadings. At the pleading stage at least, the exhibit is completely unnecessary. Judge Conley's Order, 2013 WL 4821911, at \*3 ("Malibu Media concedes that in all of the cases it has filed it 'has never had a case dismissed pursuant to Fed.R.Civ.P. 12(b)(6)' with or without the attachment of an exhibit of this kind"). Malibu Media's assertion that it was simply trying to bolster the strength of its case does not pass scrutiny since it could have achieved the same result by filing Exhibit C under seal, redacting the most scandalous titles therefrom, or "pleading that it has a much more comprehensive list of materials and, if a defendant refuses to acquiesce or assist, providing the actual list to him or her directly and confidentially." *Id.* at \*2.

With regard to "assistance," Malibu Media argues that in its experience, the infringer is almost always the subscriber, but if the *Doe* defendant is innocent, then he or she will usually know the actual infringer. To this end, the complaint attaches a form labeled "Exculpatory Evidence Request" [3] which can be used in conjunction with Exhibit C to help identify the infringing party. This is simply an additional form of coercion. The subscriber might attempt to shift blame to someone else, but the subscriber would still feel substantial pressure to accept the blame, especially if the actual infringer is a family member or other close relation. Either way, the choice between outing yourself or one of your relatives as an alleged connoisseur of extreme pornography isn't a very appealing scenario. Moreover, if the subscriber argues that a neighbor or other third-party gained access through a hacked or unsecured WI–FI connection, the subscriber still must consider the possibility that Malibu Media will forge ahead with its complaint in any event.

**\*4** Finally, the entirety of Malibu Media's litigation conduct strongly suggests that Exhibit C was filed for an improper purpose. According to a PACER search, Malibu Media has filed over a thousand cases thus far in 2013. [4] The Court doubts that Malibu Media has the resources to fully litigate even a fraction of this amount of cases. Malibu Media has the legal right to enforce its copyrights, but the sheer number of lawsuits corroborates the Court's belief that Exhibit C was being filed to coerce quick and early settlements. Malibu Media explains that at the beginning of 2013, it stopped suing people in joined

suits and began to sue defendants on an individual basis. Malibu Media portrays this as a voluntary decision to focus on "persistent on-line infringers," but in reality, Malibu Media was forced to pursue individual defendants because courts began rejecting its attempts to prosecute "same-swarm joined" [5] cases against multiple defendants. *See, e.g., Malibu Media, LLC v. John Does 1–23,* 878 F.Supp.2d 628 (E.D.Va.2012); *Malibu Media, LLC v. Doe,* 923 F.Supp.2d 1339 (M.D.Fla.2013). As one court observed, by "requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it." *Malibu Media, LLC v. John Does 1 through 10,* 2012 WL 5382304, at \*4 (C.D. Cal. June 27, 2012); *see also In re BitTorrent Adult Film Copyright Infringement Cases,* 2012 WL 1570765 at \*13 ("In the four cases before this Court, plaintiffs have improperly avoided more than $25,000 in filing fees by employing its swarm joinder theory"). Thus, the widespread use of Exhibit C can be viewed as a concerted attempt to recoup some of the efficiency that was lost when courts started rejecting Malibu Media's attempts to pursue multi-defendant lawsuits. Whatever the reason, these types of cases are already infected with the potential for abuse, and Malibu Media doubled-down by threatening to publicly associate infringers with extreme pornographic works having no relevance to its own copyrights. Malibu Media and its counsel should not be allowed to abuse the legal system in this manner without being called to account for it.

As a last resort, Malibu Media argues that neither it nor its counsel should be sanctioned because it has taken corrective action by moving to seal Exhibit C in previously-filed cases, and also because it has instructed counsel nationwide to never file Exhibit C with a complaint again. Given that there is no "safe harbor" provision when a Court acts on its own initiative under Rule 11(c)(3), "corrective action ... should be taken into account in deciding what—if any—sanction to impose if, after consideration of the litigant's response, the court concludes that a violation has occurred." Fed.R.Civ.P. 11 Advisory Committee Notes (1993). However, the Court also considers whether "the improper conduct ... was part of a pattern of activity" or whether "the person has engaged in similar conduct in other litigation." Obviously, the use of Exhibit C is (or was) part of an overall pattern of abusive litigation practices. Malibu Media is a sophisticated litigant, so it should not be allowed to avoid sanctions simply by adapting its tactics after being questioned by multiple federal judges. Moreover, the ultimate goal of Rule 11 sanctions is deterrence. Fed.R.Civ.P. 11(c)(4). The sanction imposed by Judge Conley achieved a measure of deterrence; further sanctions are warranted as a way of supplementing and reinforcing the initial

deterrent effect. Accordingly, the sanction here will be the same as before Judge Conley: $200 per case, for a total of $600.

**\*5 NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. EFF's motions for leave to file a brief *amicus curiae* in support of sanctions [ECF No. 26 in Case No. 13–C–536, ECF No. 20 in Case No. 13–C–544, and ECF No. 14 in Case No. 13–C–779] are **GRANTED;**

2. Malibu Media's motions to seal Exhibit C to the complaints [ECF No. 19 in Case No. 13–C–536, ECF No. 14 in Case No. 13–C–544, and ECF No. 9 in Case No. 13–C–779] are **DENIED** as moot;

3. Malibu Media's motions for leave to file its response to the Court's Order to show cause under seal [ECF No. 22 in Case No. 13–C–536, ECF No. 18 in Case No. 13–C–544, and ECF No. 12 in Case No. 13–C–779] are **GRANTED;** and

4. Counsel for Malibu Media is sanctioned $200 in each of the above-captioned cases for a total of $600, to be paid to the Clerk of Court.

## Footnotes

1    *Compare,* "A Girls Fantasy" with "Cute innocent Japanese girl ... helpless body" (Case No. 13–C–536); "Red Satin" with "18XGirls ... Takes On Two ..." (Case No. 13–C–544); and "First Love" with "....Amber.VS.Nikki.Sexx. ... Challenge.ImmoralLive" (Case No. 13–C–779).

2    Response to the Order to Show Case, Ex. E, Declaration of Colette Field, ¶ 4.

3    This form includes the following entries: "1. List all authorized users (including household members) of any IP Address assigned to the Defendant; ... 5. What is the distance from the Defendant's residence to the closest neighbor? _____ Yards; ... 9. Has the Defendant and/or Authorized Users as listed in # 1 above ever visited a streaming media site containing unauthorized copies of Plaintiff's works?" Case No. 13–C–536, ECF No. 1–4.

4    On December 12, 2013, a search for "All Court Types Party Search Name malibu media filed on or after 01/01/2013 All Courts" showed 1,115 records found.

5    "BitTorrent works by breaking files into many smaller files 'to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), [and] allows users to join a 'swarm' of host computers to download and upload from each other simultaneously (one computer connected to numerous computers)." *In re BitTorrent Adult Film Copyright Infringement Cases,* —— F.R.D. ——, 2012 WL 1570765, at *2 (E.D.N.Y. July 24, 2012).

---

**End of Document**                                        © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT
# 3

Save paper and follow @newyorker on Twitter



CURRENCY

MAY 14, 2014

# THE BIGGEST FILER OF COPYRIGHT LAWSUITS? THIS EROTICA WEB SITE

**BY GABE FRIEDMAN**

---



In 2006, Colette Pelissier was selling houses in Southern California, and her boyfriend, Brigham Field, was working as a photographer of nude models. Colette wanted to leave the real-estate business, so she convinced her boyfriend to start making adult films. "I had this idea, when the real-estate market was cooling—you know, maybe we could make beautiful erotic movies," she said.

By 2009, they had started shooting adult films in places like Madrid and Prague, and launched a Web site, X-art.com. The site promises erotica featuring "gorgeous fashion models" from "the USA, Europe, South America and Beyond." For forty dollars a month, subscribers have unlimited access to a growing collection of short films. The site attracted a few hundred subscribers in its first year, then a couple thousand the next; it became profitable by 2010. The couple married in 2011; Pelissier changed her last name to Pelissier Field. That year,

she noticed a change at X-art.com: the number of subscribers—the site had about fifty thousand by then—had stopped growing. The Fields hired an outside company to investigate whether people were watching their films without paying. They concluded that, each month, three hundred thousand people were watching pirated versions of their movies—including eighty thousand in the U.S. "We felt like we had to do something," she said. "I don't want to wake up in five years and have everything be free."

Adult-film companies are not the only ones that face piracy made possible by Internet file-sharing, and the Fields weren't the first to consider legal action. In 2003, the Recording Industry Association of America started suing thousands of people suspected of illegally sharing music, stopping only after piracy declined and legitimate sales rose. In a lawsuit in 2011, the production company Voltage Pictures accused about twenty-five thousand defendants of stealing its movie "The Hurt Locker"; after announcing that it had reached a series of settlements with accused thieves, it dropped the vast majority of cases.

A handful of adult-film companies had also filed copyright-infringement lawsuits against suspected online thieves, and the Fields decided to try it themselves. To identify thieves, the Fields hired outside computer investigators who tracked I.P. addresses where their movies were being illicitly shared via BitTorrent, a file-sharing program. (Using BitTorrent is different from visiting a video-streaming site like YouTube. A BitTorrent user not only downloads a movie but his or her computer automatically uploads a tiny piece of that movie for other file sharers—a process that makes BitTorrent users who view pirated movies liable for copyright infringement.) In February, 2012, the Fields filed their first suits against suspected pirates.

By 2013, subscriptions had declined to below fifty thousand. The Fields ramped up their annual production budget to around two million dollars, hoping to lure more subscribers with fresher material. They started to post new films on X-art.com nearly every day. Their investment in high-quality production paid off when "Farewell"—a narrative-driven film about two lovers on the run in the California desert —attracted a glowing review: Adam Baidawi wrote in British *GQ* that year that "the mom-and-pop American start-up has grown into a global production team," making "perhaps the world's most sophisticated cinema erotica." In 2013, the Fields purchased a sixteen-million-dollar coastal mansion in Malibu. Having found a niche in the crowded world of online pornography, X-art.com still had tens of thousands of fans shelling out money for its movies. Quietly, the Fields were also making some extra money in another way: by becoming the biggest filer of copyright-infringement lawsuits in the nation. In the past year, their company Malibu Media LLC has filed more than thirteen hundred copyright-infringement lawsuits—more of these cases than anyone else, accounting for a third of all U.S. copyright litigation during that time, according to the federal-litigation database Pacer—against people that they accuse of stealing their films on the Internet.

Today, they average more than three suits a day, and defendants have included elderly women, a former lieutenant governor, and countless others. "Please be advised that I am ninety years old and have no idea how to download anything," one defendant wrote in a letter, filed in a Florida court. Nearly every case settles on confidential terms, according to a review of dozens of court records. Malibu Media's attorney, Keith Lipscomb, said that most defendants settle by paying between about two thousand and thirty thousand dollars. The income earned by all the suits represents less than five per cent of Malibu Media's profits, Lipscomb said.

While the lawsuits represent a small portion of the Fields' income, they have attracted outsized interest—and spurred colorful debates—in the legal world. One judge has defended the suits as legitimate copyright enforcement: "Malibu [Media] is not what has been referred to … as a 'copyright troll,'" Michael Baylson, a U.S. district judge, wrote. "Rather, Malibu is an actual producer of adult films and owns valid copyrights."

Ben Depoorter, a professor at the University of California, Hastings College of Law, said that there is no U.S. government enforcement agency tasked with policing copyright infringement; the law is designed primarily for private civil lawsuits, like the ones that Malibu Media has filed. But some judges may question whether the company's motive is to make money or to deter piracy, he said: "If you're filing three lawsuits per day, that very much looks like an abusive model. Some judges may say this looks like a business model. On the other hand, infringement is infringement."

Pelissier Field told me that she and her husband "go back and forth about the best way to protect" their business against piracy, and have concluded that this is the only choice. In its complaints, Malibu Media typically seeks the maximum statutory damages allowed under copyright-infringement law: a hundred and fifty thousand dollars per stolen movie. Even someone who claims not to have read or understood a copyright warning can be held liable for some amount of damages.

There is another catch: Malibu Media can only identify suspected thieves by an I.P. address—similar to a telephone number for an Internet connection—which is what the company initially names as the defendant. Later, its attorneys use court discovery to identify a person linked to the bill or the address for that Internet connection. "To sue an I.P. address is a huge problem," Eric Goldman, a professor at the Santa Clara University School of Law, said. He believes that

this identification system can ensnare the wrong person, as some
defendants have argued. Because most cases settle, these factual
disputes do not always make their way to court, where they could be
considered by a jury or a judge.

Targeting defendants using an I.P. address is on the rise, according to
Matthew Sag, a professor at the Loyola University Chicago School of
Law. He released a paper in March that found that suits naming
multiple anonymous defendants were the most common form of
copyright litigation in nineteen federal districts that he studied in
2013. A few other adult-film companies have named hundreds or
even several thousand defendants in each complaint. Malibu Media,
by contrast, has made it a practice to target just one defendant per
case.

One federal judge has compared its lawsuits to an "extortion scheme"
writing that many defendants, whether they committed copyright
infringement or not, would rather settle than face the costs and
potential embarrassment of fighting their cases. It is hard to see why
anyone facing such a suit would choose not to settle: hiring a lawyer
costs more than settling, and damages are exponentially higher in the
event of a loss at trial. Plus, no one wants to be publicly accused of
stealing pornography. To avoid embarrassment, many defendants may
choose to settle before Malibu Media names them in a complaint.
Many judges have allowed defendants to remain anonymous as their
cases progress toward a trial or settlement, although their names
would be revealed if they ever faced a monetary court judgment.
(Malibu Media's attorney said that the company would never oppose
a defendant's wish to remain anonymous, and doesn't threaten to out
anyone.) So far, only one of Malibu Media's cases has proceeded to
trial. The judge in that case, determining that a defendant had stolen
five movies and lied about it in court, decided that a hefty
punishment was necessary—two hundred and forty thousand dollars

in damages and attorneys' fees. "We can prove every case," Lipscomb said, adding that Malibu Media drops a suit if there's any hint of a mistake.

Still, things haven't always gone smoothly. Last month, a federal judge in Florida said that Lipscomb had engaged in conduct that perpetuated "stereotyped caricatures of attorneys." In that case, the defendant, Leo Pelizzo, claimed that he had been in Venezuela at the time of the alleged theft, and that the residents of his building share a pool of I.P. addresses. Lipscomb offered to dismiss the suit, but the defendant's attorneys had already billed more than seventeen thousand dollars, so Pelizzo wanted recompense. When he would not walk away, Lipscomb sent an e-mail to his lawyer threatening to take the case to trial, where Pelizzo would "lose everything he owns."

Lipscomb later offered to pay thirteen thousand dollars toward attorneys' fees. A magistrate judge said that Lipscomb had acted, "for a brief period of time, vexatiously," but that the suit was not frivolous. She recommended that Malibu pay only six thousand eight hundred dollars in fees, and a district judge has finalized that decision. Lipscomb told me that he was contrite for sending the e-mail, but said that the defense attorneys had asked for an "excessive" sum for doing little work. Indeed, lawyers are expensive, so the system is stacked in favor of companies that can file a lot of suits against people who can afford to settle but can't afford to hire a lawyer.

In 2012, Malibu Media sued Jeff Fantalis, who lives in Louisville, Colorado, for allegedly stealing thirteen movies. Fantalis said that he "strongly denies" the allegations. Settling quickly would have been the easiest path, Fantalis told me. But he had worked as a technology consultant and understood computers. Hoping to create a road map for other defendants, he decided to fight back. He represented himself, though he is not a lawyer, filing briefs that pointed out problems with identifying thieves by their I.P. addresses: imposters

can mimic other people's I.P. addresses. Neighbors can "camp" on a wireless network, or decrypt a password and hack in. Roommates share wireless networks. Soon, other defendants started circulating his briefs on blogs such as fightcopyrighttrolls.com. But fighting Malibu was "nine months or so of hell," Fantalis told me: the legal research took time and effort, and he always worried that the allegations would stain his reputation. After months of this, both sides agreed to a confidential settlement. Fantalis and the Fields wouldn't tell me the terms. "It was a lot of sleepless nights and hundreds of hours of time," Fantalis said. "Even still, after all this, if you Google my name, this is the first thing that comes up."

Pelissier Field said that she wishes Congress would intervene with a solution that made litigation a last resort to deter piracy. She also said that she and her husband have no plans to stop filing suits: as of early May, they had filed about thirty-eight per cent of all copyright suits in 2014. "My husband is, like, 'You've spent so much time doing this,'" Pelissier Field said. "I'm, like, 'If we don't, who will?'"

*Gabe Friedman writes about legal affairs, the environment, and business. He was a Knight-Bagehot Fellow at Columbia University and lives in New York.*

*Photograph courtesy of X-Art.com.*

---

**GABE FRIEDMAN**

# EXHIBIT
# 3

# Select A Case

**Malibu Media LLC** is a plaintiff in 152 cases.

| | | | |
|---|---|---|---|
| [1:13-cv-12178-TLL-CEB](#) | Malibu Media LLC v. John Doe subscriber assigned IP address 24.247.208.185 | filed 05/15/13 | closed 05/22/14 |
| [1:13-cv-13482-TLL-CEB](#) | Malibu Media LLC v. John Doe subscriber assigned IP address 107.5.44.126 | filed 08/14/13 | closed 12/05/13 |
| [1:13-cv-13932-TLL-CEB](#) | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 66.188.46.228 | filed 09/13/13 | closed 11/25/13 |
| [1:13-cv-14012-TLL-CEB](#) | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 97.86.83.214 | filed 09/19/13 | closed 11/25/13 |
| [1:13-cv-14014-TLL-CEB](#) | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 97.87.26.66 | filed 09/19/13 | closed 10/17/13 |
| [2:12-cv-12584-SFC-LJM](#) | Malibu Media LLC v. Does 1-46 | filed 06/14/12 | closed 01/03/13 |
| [2:12-cv-12586-PJD-MJH](#) | Malibu Media, LLC. v. Does, | filed 06/14/12 | closed 05/02/13 |
| [2:12-cv-12587-DPH-RSW](#) | Malibu Media LLC v. John Does 1-9 | filed 06/14/12 | closed 06/28/13 |
| [2:12-cv-12591-SJM-PJK](#) | Malibu Media LLC v. Does 1-10 | filed 06/14/12 | closed 02/04/13 |
| [2:12-cv-12593-SJM-MAR](#) | Malibu Media LLC v. Does, et al | filed 06/14/12 | closed 02/04/13 |
| [2:12-cv-12597-BAF-MJH](#) | Malibu Media LLC v. Does 1-43 | filed 06/14/12 | closed 04/11/13 |
| [2:12-cv-13311-](#) | Malibu Media LLC v. John Doe | filed 07/26/12 | closed 11/27/12 |

LPZ-MAR

2:12-cv-13312-DPH-MJH    Malibu Media LLC v. John Does    filed 07/26/12   closed 12/27/13

2:12-cv-13667-GCS-MKM    Malibu Media LLC v. John Does 1-15    filed 08/18/12   closed 03/05/13

2:12-cv-13669-LPZ-RSW    Malibu Media LLC v. John Does 1-38    filed 08/19/12   closed 11/27/12

2:12-cv-13887-PDB-DRG    Malibu Media LLC v. Vancamp    filed 09/01/12   closed 11/26/12

2:12-cv-14105-VAR-MKM    Malibu Media LLC v. John Does 1-42    filed 09/14/12   closed 05/07/13

2:13-cv-10508-PDB-MKM    Malibu Media LLC v. John Doe    filed 02/07/13   closed 04/18/13

2:13-cv-10510-DPH-MJH    Malibu Media LLC v. John Doe    filed 02/07/13   closed 01/22/14

2:13-cv-10511-AJT-RSW    Malibu Media, LLC. v. John Doe    filed 02/07/13   closed 01/14/14

2:13-cv-10512-JAC-LJM    Malibu Media, LLC v. John Doe    filed 02/07/13   closed 03/05/14

2:13-cv-10513-JAC-MAR    Malibu Media, LLC v. John Doe    filed 02/07/13   closed 09/22/14

2:13-cv-10514-NGE-RSW    Malibu Media, LLC v. John Doe    filed 02/07/13   closed 07/31/13

2:13-cv-10515-VAR-PJK    Malibu Media, LLC v. John Doe    filed 02/07/13   closed 11/26/13

2:13-cv-10516-DML-PJK    Malibu Media LLC v. John Doe    filed 02/07/13   closed 11/26/13

| | | | |
|---|---|---|---|
| 2:13-cv-11395-AJT-DRG | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 173.15.247.73 | filed 03/28/13 | closed 05/30/13 |
| 2:13-cv-11399-PDB-MJH | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 50.4.167.195 | filed 03/28/13 | closed 06/10/13 |
| 2:13-cv-11400-VAR-PJK | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 67.149.149.208 | filed 03/28/13 | closed 06/11/13 |
| 2:13-cv-11402-BAF-MJH | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 67.149.60.242 | filed 03/28/13 | closed 06/10/13 |
| 2:13-cv-11403-PDB-MJH | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 67.149.93.128 | filed 03/28/13 | closed 05/08/13 |
| 2:13-cv-11404-VAR-MKM | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 68.40.72.69 | filed 03/28/13 | closed 03/19/14 |
| 2:13-cv-11406-GCS-RSW | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 68.42.169.117 | filed 03/29/13 | closed 06/10/13 |
| 2:13-cv-11408-AC-MJH | Malibu Media LLC v. John Doe Subcriber Assigned IP Address 68.43.147.209 | filed 03/29/13 | closed 05/03/13 |
| 2:13-cv-11409-RHC-RSW | Malibu Media LLC v. John Doe Subcriber Assigned IP Address 68.43.178.213 | filed 03/29/13 | closed 06/11/13 |
| 2:13-cv-11411-JAC-LJM | Malibu Media LLC v. John Doe Subcriber Assigned IP Address 68.43.250.236 | filed 03/29/13 | closed 06/13/13 |
| 2:13-cv-11415-PDB-MKM | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 68.43.94.45 | filed 03/29/13 | closed 04/28/15 |
| 2:13-cv-11419-DML-DRG | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 68.60.89.188 | filed 03/29/13 | closed 06/12/13 |
| 2:13-cv-11423-JAC-MJH | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 71.205.144.142 | filed 03/29/13 | closed 06/13/13 |

| | | | |
|---|---|---|---|
| 2:13-cv-11425-PDB-MKM | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 68.62.110.74 | filed 03/29/13 | closed 08/23/13 |
| 2:13-cv-11428-SFC-MKM | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 68.62.73.143 | filed 03/29/13 | closed 07/29/13 |
| 2:13-cv-11430-SFC-MKM | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 71.205.183.68 | filed 03/29/13 | closed 10/31/13 |
| 2:13-cv-11432-GAD-RSW | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 69.244.145.197 | filed 03/29/13 | closed 07/24/14 |
| 2:13-cv-11434-RHC-MKM | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 69.245.123.233 | filed 03/29/13 | closed 09/23/13 |
| 2:13-cv-11435-RHC-MKM | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 71.13.57.174 | filed 03/29/13 | closed 10/17/13 |
| 2:13-cv-11436-DML-MJH | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 71.238.169.163 | filed 03/29/13 | closed 07/08/14 |
| 2:13-cv-11438-GAD-DRG | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 71.238.209.103 | filed 03/29/13 | closed 01/31/14 |
| 2:13-cv-11446-AJT-DRG | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 75.133.49.188 | filed 03/29/13 | closed 01/14/14 |
| 2:13-cv-11450-SJM-LJM | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 97.85.60.65 | filed 03/29/13 | closed 03/26/14 |
| 2:13-cv-11458-SFC-DRG | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 98.243.108.194 | filed 03/29/13 | closed 09/03/14 |
| 2:13-cv-12159-NGE-PJK | Malibu Media LLC v. John Doe subscriber assigned IP address 107.5.193.35 | filed 05/15/13 | closed 10/03/13 |
| 2:13-cv-12164-JAC-MAR | Malibu Media LLC v. John Doe subscriber assigned IP address 68.40.252.5 | filed 05/15/13 | closed 09/04/13 |
| 2:13-cv-12168- | Malibu Media LLC v. John Doe subscriber assigned | filed 05/15/13 | closed 06/02/14 |

NGE-MAR | IP address 24.11.27.159

| | | | |
|---|---|---|---|
| 2:13-cv-12169-RHC-MKM | Malibu Media LLC v. John Doe subscriber assigned IP address 24.192.110.153 | filed 05/15/13 | closed 12/05/13 |
| 2:13-cv-12175-AJT-DRG | Malibu Media LLC v. John Doe subscriber assigned IP address 24.231.185.185 | filed 05/15/13 | closed 01/13/14 |
| 2:13-cv-12176-AJT-MKM | Malibu Media LLC v. John Doe subscriber assigned IP address 24.247.199.131 | filed 05/15/13 | closed 11/25/13 |
| 2:13-cv-12179-DML-DRG | Malibu Media LLC v. John Doe subscriber assigned IP address 50.4.164.163 | filed 05/15/13 | closed 03/25/14 |
| 2:13-cv-12197-GAD-PJK | Malibu Media LLC v. John Doe subscriber assigned IP address 67.149.158.6 | filed 05/17/13 | closed 08/05/14 |
| 2:13-cv-12198-PDB-MKM | Malibu Media LLC v. John Doe subscriber assigned IP address 67.149.89.224 | filed 05/17/13 | closed 02/27/14 |
| 2:13-cv-12200-GER-MKM | Malibu Media LLC v. John Doe subscriber assigned IP address 68.40.123.7 | filed 05/17/13 | closed 10/24/13 |
| 2:13-cv-12201-DPH-DRG | Malibu Media LLC v. John Doe subscriber assigned IP address 68.40.46.12 | filed 05/17/13 | closed 12/27/13 |
| 2:13-cv-12202-PDB-DRG | Malibu Media LLC v. John Doe subscriber assigned IP address 68.43.35.2 | filed 05/17/13 | closed 09/17/13 |
| 2:13-cv-12204-GAD-RSW | Malibu Media LLC v. John Doe subscriber assigned IP address 68.41.170.197 | filed 05/17/13 | closed 08/26/13 |
| 2:13-cv-12206-DPH-LJM | Malibu Media LLC v. John Doe subscriber assigned IP address 68.41.19.221 | filed 05/17/13 | closed 08/27/13 |
| 2:13-cv-12208-MOB-RSW | Malibu Media LLC v. John Doe subscriber assigned IP address 68.41.86.4 | filed 05/17/13 | closed 09/30/13 |
| 2:13-cv-12209-SJM-MKM | Malibu Media LLC v. John Doe subscriber assigned IP address 68.42.172.154 | filed 05/17/13 | closed 10/03/13 |

| | | | |
|---|---|---|---|
| 2:13-cv-12210-RHC-MJH | Malibu Media LLC v. John Doe subscriber assigned IP address 68.42.185.159 | filed 05/17/13 | closed 10/24/13 |
| 2:13-cv-12213-SFC-DRG | Malibu Media LLC v. John Doe subscriber assigned IP address 68.43.4.96 | filed 05/17/13 | closed 12/02/13 |
| 2:13-cv-12214-AJT-MKM | Malibu Media LLC v. John Doe subscriber assigned IP address 68.43.84.236 | filed 05/17/13 | closed 01/22/14 |
| 2:13-cv-12216-PDB-RSW | Malibu Media LLC v. John Doe subscriber assigned IP address 68.60.140.87 | filed 05/17/13 | closed 08/05/13 |
| 2:13-cv-12217-VAR-RSW | Malibu Media LLC v. John Doe subscriber assigned IP address 68.62.41.133 | filed 05/17/13 | closed 05/15/15 |
| 2:13-cv-12218-NGE-DRG | Malibu Media LLC v. John Doe subscriber assigned IP address 69.14.181.108 | filed 05/17/13 | closed 03/12/14 |
| 2:13-cv-12220-AJT-DRG | Malibu Media LLC v. John Doe subscriber assigned IP address 69.246.89.172 | filed 05/17/13 | closed 01/22/14 |
| 2:13-cv-12224-SFC-DRG | Malibu Media LLC v. John Doe subscriber assigned IP address 71.227.1.206 | filed 05/17/13 | closed 03/11/14 |
| 2:13-cv-12228-RHC-MAR | Malibu Media LLC v. John Doe subscriber assigned IP address 71.227.121.19 | filed 05/17/13 | closed 11/27/13 |
| 2:13-cv-12229-BAF-MKM | Malibu Media LLC v. John Doe subscriber assigned IP address 71.227.20.227 | filed 05/17/13 | closed 12/26/13 |
| 2:13-cv-12230-SFC-MJH | Malibu Media LLC v. John Doe subscriber assigned IP address 71.227.60.76 | filed 05/17/13 | closed 11/12/13 |
| 2:13-cv-12232-DML-RSW | Malibu Media LLC v. John Doe subscriber assigned IP address 96.27.16.131 | filed 05/17/13 | closed 11/13/13 |
| 2:13-cv-12233-NGE-MKM | Malibu Media LLC v. John Doe subscriber assigned IP address 98.250.184.53 | filed 05/17/13 | closed 10/04/13 |

| | | | |
|---|---|---|---|
| 2:13-cv-12234-VAR-RSW | Malibu Media LLC v. John Doe subscriber assigned IP address 98.250.27.153 | filed 05/17/13 | closed 01/13/14 |
| 2:13-cv-13484-VAR-RSW | Malibu Media LLC v. John Doe subscriber assigned IP address 107.5.56.236 | filed 08/14/13 | closed 11/06/13 |
| 2:13-cv-13486-PJD-LJM | Malibu Media LLC v. JOHN DOE | filed 08/14/13 | closed 12/19/13 |
| 2:13-cv-13493-MOB-MJH | Malibu Media LLC v. John Doe subscriber assigned IP address 24.23.70.34 | filed 08/14/13 | closed 10/09/13 |
| 2:13-cv-13506-SFC-DRG | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.40.95.137 | filed 08/15/13 | closed 11/12/13 |
| 2:13-cv-13507-PDB-RSW | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.41.196.169 | filed 08/15/13 | closed 10/22/13 |
| 2:13-cv-13513-RHC-RSW | Malibu Media LLC v. John Doe subscriber assigned IP address 68.42.75.117 | filed 08/15/13 | closed 10/17/13 |
| 2:13-cv-13514-LPZ-MKM | Malibu Media LLC v. John Doe subscriber assigned IP address 68.43.142.190 | filed 08/15/13 | closed 11/05/13 |
| 2:13-cv-13515-MOB-LJM | Malibu Media LLC v. John Doe subscriber assigned IP address 68.43.28.31 | filed 08/15/13 | closed 11/17/14 |
| 2:13-cv-13516-SFC-RSW | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.43.83.10 | filed 08/15/13 | closed 03/21/14 |
| 2:13-cv-13524-DPH-DRG | Malibu Media LLC v. John Doe subscriber assigned IP address 68.61.101.206 | filed 08/16/13 | closed 01/31/14 |
| 2:13-cv-13525-DML-LJM | Malibu Media LLC v. John Doe subscriber assigned IP address 69.246.123.91 | filed 08/16/13 | closed 11/13/13 |
| 2:13-cv-13527-GCS-LJM | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 71.227.7.215 | filed 08/16/13 | closed 01/15/14 |
| 2:13-cv-13528- | Malibu Media LLC v. JOHN DOE subscriber | filed 08/16/13 | closed 10/28/13 |

DML-MJH          assigned IP address 71.238.18.139

2:13-cv-13533-LPZ-LJM    Malibu Media LLC v. John Doe subscriber assigned IP address 76.112.242.237   filed 08/16/13   closed 01/13/14

2:13-cv-13534-SJM-MKM    Malibu Media LLC v. John Doe subscriber assigned IP address 76.112.250.217   filed 08/16/13   closed 09/22/14

2:13-cv-13535-BAF-LJM    Malibu Media LLC v. John Doe subscriber assigned IP address 76.112.97.202   filed 08/16/13   closed 12/09/14

2:13-cv-13536-DML-MJH    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 98.209.89.207   filed 08/16/13   closed 11/26/13

2:13-cv-13538-VAR-RSW    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 98.243.72.29   filed 08/16/13   closed 10/25/13

2:13-cv-13874-AC-DRG    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 107.5.246.241   filed 09/11/13   closed 11/05/13

2:13-cv-13900-DML-DRG    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 24.247.164.175   filed 09/12/13   closed 11/26/13

2:13-cv-13955-BAF-RSW    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 66.227.253.129   filed 09/16/13   closed 11/26/13

2:13-cv-13958-NGE-MAR    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.40.198.191   filed 09/17/13   closed 10/19/13

2:13-cv-13981-DML-LJM    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.43.213.55   filed 09/17/13   closed 11/26/13

2:13-cv-13982-SFC-MJH    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.43.255.198   filed 09/17/13   closed 06/09/14

2:13-cv-13984-DPH-LJM    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 69.245.66.97   filed 09/17/13   closed 12/27/13

2:13-cv-13987-GER-RSW    Malibu Media LLC v. JOHN DOE subscriber assigned IP address 71.238.130.1   filed 09/17/13   closed 12/03/13

| 2:13-cv-13997-GER-MAR | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 71.238.43.15 | filed 09/18/13 | closed 11/25/13 |
| 2:13-cv-13998-PJD-MAR | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 76.112.100.46 | filed 09/18/13 | closed 11/25/13 |
| 2:13-cv-14000-NGE-DRG | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 76.112.71.32 | filed 09/18/13 | closed 12/18/13 |
| 2:13-cv-14009-AJT-RSW | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 76.20.168.170 | filed 09/19/13 | closed 01/22/14 |
| 2:13-cv-14011-GCS-PJK | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 76.20.173.2 | filed 09/19/13 | closed 01/02/14 |
| 2:13-cv-14016-AJT-MAR | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 98.209.20.39 | filed 09/19/13 | closed 01/22/14 |
| 2:13-cv-14035-AC-MJH | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 98.250.117.76 | filed 09/20/13 | closed 11/27/13 |
| 2:13-cv-14037-BAF-MAR | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 98.250.60.87 | filed 09/20/13 | closed 01/16/14 |
| 2:13-cv-14038-DML-RSW | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 98.250.79.56 | filed 09/20/13 | closed 11/27/13 |
| 2:14-cv-14216-SFC-MJH | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.40.121.50 | filed 11/03/14 | closed 05/11/15 |
| 2:14-cv-14218-AC-DRG | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.42.92.140 | filed 11/03/14 | closed 12/01/14 |
| 2:14-cv-14220-SJM-MJH | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.42.93.130 | filed 11/03/14 | closed 05/20/15 |

| | | | |
|---|---|---|---|
| 2:14-cv-14221-PDB-DRG | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.43.11.252 | filed 11/03/14 | closed 01/09/15 |
| 2:14-cv-14222-LJM-MKM | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.62.47.228 | filed 11/03/14 | closed 06/01/15 |
| 2:14-cv-14231-MAG-DRG | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.244.164.104 | filed 11/04/14 | closed 01/26/15 |
| 2:14-cv-14237-SJM-MJH | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.245.90.238 | filed 11/04/14 | closed 06/23/15 |
| 2:14-cv-14238-GER-DRG | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.205.151.176 | filed 11/04/14 | closed 02/24/15 |
| 2:14-cv-14245-GAD-DRG | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.227.85.60 | filed 11/04/14 | closed 12/23/14 |
| 2:14-cv-14247-MAG-RSW | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.238.164.185 | filed 11/04/14 | closed 01/29/15 |
| 2:14-cv-14315-VAR-RSW | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.112.222.172 | filed 11/10/14 | closed 01/21/15 |
| 2:14-cv-14316-SFC-RSW | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.122.153.5 | filed 11/10/14 | closed 01/14/15 |
| 2:14-cv-14317-AJT-MKM | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.209.105.239 | filed 11/10/14 | closed 03/19/15 |
| 2:14-cv-14318-BAF-RSW | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.224.216.58 | filed 11/10/14 | closed 01/23/15 |

| | | | |
|---|---|---|---|
| [2:14-cv-14321-DPH-MKM](#) | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.243.135.209 | filed 11/10/14 | closed 05/26/15 |
| [2:14-cv-14323-GAD-MJH](#) | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.250.157.45 | filed 11/10/14 | closed 01/27/15 |
| [4:12-cv-12598-GAD-LJM](#) | Malibu Media LLC v. Does 1-28 | filed 06/14/12 | closed 03/18/13 |
| [4:12-cv-13668-TGB-MKM](#) | Malibu Media LLC v. JOHN DOES 1-31 | filed 08/19/12 | closed 06/20/13 |
| [4:13-cv-10509-TGB-RSW](#) | Malibu Media LLC v. John Doe | filed 02/07/13 | closed 09/13/13 |
| [4:13-cv-10517-MAG-RSW](#) | Malibu Media, LLC v. John Doe | filed 02/07/13 | closed 05/22/13 |
| [4:13-cv-11392-MAG-RSW](#) | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 107.5.142.185 | filed 03/28/13 | closed 07/30/13 |
| [4:13-cv-11401-TGB-MKM](#) | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 67.149.153.211 | filed 03/28/13 | closed 06/24/13 |
| [4:13-cv-11429-MAG-RSW](#) | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 69.136.155.160 | filed 03/29/13 | closed 04/30/13 |
| [4:13-cv-11454-TGB-RSW](#) | Malibu Media LLC v. John Doe, Subscriber Assigned IP Address 98.243.105.60 | filed 03/29/13 | closed 09/13/13 |
| [4:13-cv-12161-MAG-MKM](#) | Malibu Media LLC v. John Doe subscriber assigned IP address 68.40.193.94 | filed 05/15/13 | closed 07/24/14 |
| [4:13-cv-12215-TGB-RSW](#) | Malibu Media LLC v. John Doe subscriber assigned IP address 68.43.60.150 | filed 05/17/13 | closed 07/02/13 |
| [4:13-cv-12231-MAG-MAR](#) | Malibu Media LLC v. John Doe subscriber assigned IP address 71.238.205.92 | filed 05/17/13 | closed 07/02/13 |

| 4:13-cv-13508-TGB-MJH | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.41.74.157 | filed 08/15/13 | closed 03/21/14 |
|---|---|---|---|
| 4:13-cv-13530-TGB-MAR | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 71.238.78.240 | filed 08/16/13 | closed 10/24/13 |
| 4:13-cv-13979-TGB-MJH | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.43.144.78 | filed 09/17/13 | closed 12/04/13 |
| 4:13-cv-13983-MAG-DRG | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.43.61.118 | filed 09/17/13 | closed 12/03/13 |
| 4:13-cv-14010-MAG-MJH | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 76.20.170.174 | filed 09/19/13 | closed 12/03/13 |
| 4:14-cv-14214-LVP-MJH | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 68.43.251.157 | filed 11/03/14 | |
| 4:14-cv-14248-TGB-DRG | MALIBU MEDIA LLC v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.238.60.73 | filed 11/04/14 | closed 02/12/15 |
| 5:13-cv-11398-JCO-LJM | Malibu Media LLC v. John Doe Subscriber Assigned IP Address 24.11.193.234 | filed 03/28/13 | closed 06/11/13 |
| 5:13-cv-13526-JCO-DRG | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 71.227.19.77 | filed 08/16/13 | closed 03/18/14 |
| 5:13-cv-13872-JCO-MAR | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 107.5.147.193 | filed 09/11/13 | closed 03/23/14 |
| 5:13-cv-13974-JCO-RSW | Malibu Media LLC v. JOHN DOE subscriber assigned IP address 68.41.69.110 | filed 09/17/13 | closed 03/23/14 |

**PACER Service Center**

**Transaction Receipt**

06/23/2015 13:48:40

| PACER | | | |
|---|---|---|---|

# Select A Case

==**Malibu Media, LLC**== is a plaintiff in 108 cases.

| | | | |
|---|---|---|---|
| 2:14-cv-12409-GCS-MKM | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 24.11.171.186 | filed 06/20/14 | closed 06/08/15 |
| 2:14-cv-12415-SJM-DRG | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.32.94.253 | filed 06/20/14 | closed 08/08/14 |
| 2:14-cv-12424-PDB-MJH | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.40.105.77 | filed 06/20/14 | closed 11/14/14 |
| 2:14-cv-12430-NGE-MKM | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.40.40.150 | filed 06/21/14 | closed 07/14/14 |
| 2:14-cv-12432-RHC-RSW | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 68.40.60.23 | filed 06/21/14 | closed 05/22/15 |
| 2:14-cv-12433-GCS-MJH | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 68.60.177.186 | filed 06/21/14 | closed 08/07/14 |
| 2:14-cv-12434-RHC-MKM | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 68.60.32.205 | filed 06/22/14 | closed 11/17/14 |
| 2:14-cv-12457-MFL-MJH | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 71.205.225.84 | filed 06/24/14 | closed 10/28/14 |
| 2:14-cv-12459-BAF-DRG | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 76.122.149.155 | filed 06/24/14 | closed 09/04/14 |
| 2:14-cv-12460-AC-DRG | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 98.209.117.179 | filed 06/24/14 | closed 03/25/15 |
| 2:14-cv-12461-RHC-MKM | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 98.209.118.88 | filed 06/24/14 | closed 09/05/14 |
| 2:14-cv-12462- | MALIBU MEDIA, LLC v. JOHN DOE subscriber | filed 06/24/14 | closed 09/09/14 |

| | | | |
|---|---|---|---|
| GAD-MJH | assigned IP address 98.209.119.139 | | |
| 2:14-cv-12464-MFL-DRG | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 98.209.128.196 | filed 06/24/14 | closed 08/07/14 |
| 2:14-cv-12468-AC-RSW | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 98.209.130.92 | filed 06/24/14 | closed 08/28/14 |
| 2:14-cv-12470-BAF-RSW | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 98.209.213.28 | filed 06/24/14 | closed 10/16/14 |
| 2:14-cv-12473-SJM-DRG | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 98.243.38.145 | filed 06/24/14 | closed 12/03/14 |
| 2:14-cv-12474-PJD-MJH | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 98.250.104.55 | filed 06/24/14 | closed 09/04/14 |
| 2:14-cv-12475-DML-RSW | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 98.250.200.227 | filed 06/24/14 | closed 07/31/14 |
| 2:15-cv-10267-MFL-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 107.5.249.77 | filed 01/22/15 | closed 06/08/15 |
| 2:15-cv-10274-NGE-EAS | Malibu Media, LLC v. John Doe subscriber assigned IP address 24.11.220.117, | filed 01/22/15 | |
| 2:15-cv-10275-VAR-MKM | Malibu Media, LLC v. John Doe subscriber assigned IP address 24.11.89.175, | filed 01/22/15 | closed 05/12/15 |
| 2:15-cv-10276-SFC-DRG | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.40.231.48 | filed 01/22/15 | closed 05/08/15 |
| 2:15-cv-10277-MOB-RSW | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.40.32.210 | filed 01/22/15 | closed 03/11/15 |
| 2:15-cv-10279-DPH-MJH | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.41.154.29 | filed 01/22/15 | |
| 2:15-cv-10280-NGE-RSW | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.41.176.148 | filed 01/22/15 | closed 04/07/15 |

| | | | |
|---|---|---|---|
| 2:15-cv-10281-SJM-EAS | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.43.211.80 | filed 01/22/15 | closed 04/08/15 |
| 2:15-cv-10282-GCS-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.60.191.170 | filed 01/22/15 | |
| 2:15-cv-10283-MFL-DRG | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.60.65.217 | filed 01/22/15 | closed 02/09/15 |
| 2:15-cv-10284-DPH-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.61.154.40 | filed 01/22/15 | closed 04/30/15 |
| 2:15-cv-10285-LJM-DRG | Malibu Media, LLC v. John Doe subscriber assigned IP address 69.136.133.109 | filed 01/22/15 | |
| 2:15-cv-10286-AC-EAS | Malibu Media, LLC v. John Doe subscriber assigned IP address 69.136.133.161 | filed 01/22/15 | closed 02/24/15 |
| 2:15-cv-10298-GER-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 69.137.208.59 | filed 01/23/15 | |
| 2:15-cv-10299-VAR-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 69.245.82.91 | filed 01/23/15 | |
| 2:15-cv-10304-GCS-MKM | Malibu Media, LLC v. John Doe subscriber assigned IP address 71.205.189.172 | filed 01/23/15 | closed 03/26/15 |
| 2:15-cv-10305-RHC-RSW | Malibu Media, LLC v. John Doe subscriber assigned IP address 71.205.47.212 | filed 01/23/15 | |
| 2:15-cv-10306-DML-RSW | Malibu Media, LLC v. John Doe subscriber assigned IP address 71.238.28.102 | filed 01/23/15 | closed 03/24/15 |
| 2:15-cv-10307-AC-DRG | Malibu Media, LLC v. John Doe subscriber assigned IP address 71.238.55.56 | filed 01/23/15 | closed 06/08/15 |
| 2:15-cv-10308-AC-DRG | Malibu Media, LLC v. John Doe subscriber assigned IP address 76.112.19.190 | filed 01/23/15 | closed 02/06/15 |

| | | | |
|---|---|---|---|
| [2:15-cv-10310-MAG-EAS](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 76.112.191.249 | filed 01/23/15 | closed 03/05/15 |
| [2:15-cv-10312-DPH-MKM](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 76.112.215.178 | filed 01/23/15 | |
| [2:15-cv-10315-BAF-MKM](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 76.20.142.32 | filed 01/23/15 | |
| [2:15-cv-10317-LJM-MKM](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.224.249.176 | filed 01/23/15 | closed 05/06/15 |
| [2:15-cv-10318-AJT-DRG](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.243.33.250 | filed 01/23/15 | |
| [2:15-cv-10319-DML-MJH](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.243.83.99 | filed 01/23/15 | closed 03/24/15 |
| [2:15-cv-10327-GER-DRG](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.250.164.192 | filed 01/26/15 | |
| [2:15-cv-11138-BAF-RSW](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 107.5.162.183 | filed 03/26/15 | |
| [2:15-cv-11140-RHC-DRG](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 107.5.220.99 | filed 03/26/15 | closed 05/26/15 |
| [2:15-cv-11141-LJM-MKM](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.32.94.38 | filed 03/26/15 | closed 05/06/15 |
| [2:15-cv-11142-RHC-DRG](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.40.166.187 | filed 03/26/15 | |
| [2:15-cv-11143-LJM-DRG](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.40.222.35 | filed 03/26/15 | |
| [2:15-cv-11144-GER-RSW](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.40.255.35 | filed 03/26/15 | |

[2:15-cv-11145-](#)

| | | | |
|---|---|---|---|
| AC-DRG | Malibu Media, LLC v. JOHN DOE | filed 03/26/15 | closed 05/21/15 |
| 2:15-cv-11146-BAF-MKM | Malibu Media, LLC v. JOHN DOE | filed 03/26/15 | |
| 2:15-cv-11147-LJM-RSW | Malibu Media, LLC v. JOHN DOE | filed 03/26/15 | closed 06/03/15 |
| 2:15-cv-11148-RHC-EAS | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.43.146.163 | filed 03/26/15 | |
| 2:15-cv-11149-DPH-EAS | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.43.194.12 | filed 03/26/15 | |
| 2:15-cv-11150-RHC-MKM | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.43.30.125 | filed 03/26/15 | |
| 2:15-cv-11152-SFC-APP | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 68.60.65.49 | filed 03/26/15 | closed 04/23/15 |
| 2:15-cv-11178-MAG-RSW | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 69.244.170.26 | filed 03/28/15 | |
| 2:15-cv-11179-SJM-MKM | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 69.245.81.200 | filed 03/28/15 | |
| 2:15-cv-11180-AC-RSW | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 69.246.52.4 | filed 03/28/15 | closed 06/08/15 |
| 2:15-cv-11181-PDB-MKM | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 71.238.112.150 | filed 03/28/15 | |
| 2:15-cv-11183-SFC-APP | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 71.238.162.164 | filed 03/28/15 | |
| 2:15-cv-11184-AJT-EAS | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 71.238.81.53 | filed 03/28/15 | |
| 2:15-cv-11186-GER-APP | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 73.161.173.32 | filed 03/28/15 | |

| | | |
|---|---|---|
| [2:15-cv-11187-MOB-MJH](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 73.161.51.223 | filed 03/28/15 |
| [2:15-cv-11188-MOB-RSW](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 73.161.63.135 | filed 03/28/15 |
| [2:15-cv-11189-GCS-APP](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 73.191.167.32 | filed 03/28/15   closed 04/20/15 |
| [2:15-cv-11190-RHC-RSW](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 76.112.199.177 | filed 03/28/15   closed 06/09/15 |
| [2:15-cv-11191-SFC-MKM](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 98.250.10.10 | filed 03/28/15   closed 06/02/15 |
| [2:15-cv-11192-BAF-MKM](#) | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 98.250.172.117 | filed 03/28/15   closed 05/11/15 |
| [2:15-cv-11494-SFC-EAS](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.36.88.66 | filed 04/25/15 |
| [2:15-cv-11496-VAR-MKM](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.41.54.108 | filed 04/25/15 |
| [2:15-cv-11498-LJM-RSW](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.62.31.2 | filed 04/25/15 |
| [2:15-cv-11499-BAF-MJH](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 69.245.115.6 | filed 04/25/15 |
| [2:15-cv-11500-SJM-RSW](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 73.161.75.204 | filed 04/25/15 |
| [2:15-cv-11501-GCS-APP](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 76.112.1.252 | filed 04/25/15 |
| [2:15-cv-11503-PDB-MKM](#) | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.209.212.2 | filed 04/25/15   closed 06/02/15 |

| | | |
|---|---|---|
| 2:15-cv-11504-NGE-MKM | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.224.235.202 | filed 04/25/15 |
| 2:15-cv-11505-VAR-EAS | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.250.194.70 | filed 04/25/15   closed 06/19/15 |
| 2:15-cv-11506-AC-DRG | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.250.234.133 | filed 04/25/15 |
| 2:15-cv-12085-BAF-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 50.133.53.198 | filed 06/09/15 |
| 2:15-cv-12087-NGE-RSW | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.36.188.83 | filed 06/09/15 |
| 2:15-cv-12088-AC-EAS | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.37.205.37 | filed 06/09/15 |
| 2:15-cv-12090-SJM-RSW | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.41.97.221 | filed 06/09/15 |
| 2:15-cv-12092-RHC-MJH | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.56.145.75 | filed 06/09/15 |
| 2:15-cv-12094-AJT-MKM | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.58.196.166 | filed 06/09/15 |
| 2:15-cv-12098-AJT-MKM | Malibu Media, LLC v. John Doe subscriber assigned IP address 73.161.78.80 | filed 06/09/15 |
| 2:15-cv-12102-GCS-MJH | Malibu Media, LLC v. John Doe subscriber assigned IP address 73.191.193.79 | filed 06/09/15 |
| 2:15-cv-12103-MFL-EAS | Malibu Media, LLC v. John Doe subscriber assigned IP address 76.112.9.228 | filed 06/09/15 |
| 4:14-cv-12412-LVP-MJH | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 24.11.94.45 | filed 06/20/14   closed 08/22/14 |
| 4:14-cv-12465- | MALIBU MEDIA, LLC v. JOHN DOE subscriber | |

| | | | |
|---|---|---|---|
| TGB-DRG | assigned IP address 98.209.130.247 | filed 06/24/14 | closed 09/15/14 |
| 4:15-cv-10316-LVP-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.209.144.30 | filed 01/23/15 | |
| 4:15-cv-10328-TGB-DRG | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.250.24.56 | filed 01/26/15 | closed 02/26/15 |
| 4:15-cv-11495-LVP-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.41.220.174 | filed 04/25/15 | |
| 4:15-cv-11497-TGB-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.61.117.223 | filed 04/25/15 | closed 06/02/15 |
| 4:15-cv-11502-TGB-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 98.209.124.170 | filed 04/25/15 | |
| 4:15-cv-12089-TGB-DRG | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.37.217.182 | filed 06/09/15 | |
| 4:15-cv-12096-LVP-DRG | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.60.180.205 | filed 06/09/15 | |
| 5:14-cv-12431-JEL-DRG | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 68.40.58.17 | filed 06/21/14 | closed 05/13/15 |
| 5:14-cv-12458-JCO-PJK | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 71.238.22.46 | filed 06/24/14 | closed 07/16/14 |
| 5:14-cv-12471-JCO-RSW | MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 98.243.118.0 | filed 06/24/14 | closed 12/17/14 |
| 5:15-cv-10278-JEL-RSW | Malibu Media, LLC v. John Doe subscriber assigned IP address 68.40.60.2 | filed 01/22/15 | closed 03/23/15 |
| 5:15-cv-11139-JCO-RSW | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 107.5.212.218 | filed 03/26/15 | |
| 5:15-cv-11182-JEL-MKM | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 71.238.141.44 | filed 03/28/15 | closed 04/27/15 |

| | | |
|---|---|---|
| 5:15-cv-11185-JCO-DRG | Malibu Media, LLC v. JOHN DOE subscriber assigned IP address 71.238.91.228 | filed 03/28/15 |
| 5:15-cv-12099-JEL-APP | Malibu Media, LLC v. John Doe subscriber assigned IP address 73.18.209.252 | filed 06/09/15 |
| 5:15-cv-12100-JCO-RSW | Malibu Media, LLC v. John Doe subscriber assigned IP address 73.191.162.188 | filed 06/09/15 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/23/2015 13:45:30 | | | |
| **PACER Login:** | mk3650:3857578:0 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Malibu Media |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

# EXHIBIT
# 4

## R.J. Cronkhite

**From:**          R.J. Cronkhite
**Sent:**          Saturday, June 13, 2015 1:18 PM
**To:**            'Paul Nicoletti'
**Subject:**       Stipulation elements

Paul,

Filing the summons under seal is fine, so long as we do it as part of a stipulation that:

1. Acknowledges that defendant's counsel will provide plaintiff's counsel, in strict confidence, w/ defendant's name and address;
2. Dismisses the notice to reveal defendant's identity, w/ prejudice;
3. Bars further notices to reveal defendant's identity.

We can either enter into a separate protective order or incorporate PO provisions into the stipulation (I can add these, or you can).

After stipulation is entered, you can then send me a waiver of service.

Regards,
R.J. Cronkhite
Associate Attorney
The Mike Cox Law Firm, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
734-591-4002 (o)
734-558-5809 (c)
734-591-4006 (f)

**Confidentiality Notice:** This electronic message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2521, and contains information from The Mike Cox Law Firm, PLLC which may be confidential, legally privileged or otherwise protected from disclosure. This information is intended for the use of the addressee only. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, printing or any other use of, or any action in reliance on the contents of this electronic message is strictly prohibited. If you have received this communication in error, please notify us by telephone at (734) 591-4002 and delete the original message.

**IRS Circular 230 Notice:** Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is the advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.

**Electronic Signature:** Nothing contained in this communication is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

## R.J. Cronkhite

| | |
|---|---|
| **From:** | R.J. Cronkhite |
| **Sent:** | Tuesday, June 16, 2015 1:16 PM |
| **To:** | 'Paul Nicoletti' |
| **Subject:** | stipulation status |

Paul,

I gave you a call to discuss a moment ago.

I'm assuming the below is fine.  When do you think you can send me a stipulation?

Regards,
R.J. Cronkhite
Associate Attorney
The Mike Cox Law Firm, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
734-591-4002 (o)
734-558-5809 (c)
734-591-4006 (f)

**Confidentiality Notice:** This electronic message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2521, and contains information from The Mike Cox Law Firm, PLLC which may be confidential, legally privileged or otherwise protected from disclosure. This information is intended for the use of the addressee only. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, printing or any other use of, or any action in reliance on the contents of this electronic message is strictly prohibited. If you have received this communication in error, please notify us by telephone at (734) 591-4002 and delete the original message.

**IRS Circular 230 Notice:** Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is the advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.

**Electronic Signature:** Nothing contained in this communication is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** R.J. Cronkhite
**Sent:** Saturday, June 13, 2015 1:18 PM
**To:** 'Paul Nicoletti'
**Subject:** Stipulation elements

Paul,

Filing the summons under seal is fine, so long as we do it as part of a stipulation that:

1. Acknowledges that defendant's counsel will provide plaintiff's counsel, in strict confidence, w/ defendant's name and address;

1

2. Dismisses the notice to reveal defendant's identity, w/ prejudice;
3. Bars further notices to reveal defendant's identity.

We can either enter into a separate protective order or incorporate PO provisions into the stipulation (I can add these, or you can).

After stipulation is entered, you can then send me a waiver of service.

Regards,
R.J. Cronkhite
Associate Attorney
The Mike Cox Law Firm, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
734-591-4002 (o)
734-558-5809 (c)
734-591-4006 (f)

**Confidentiality Notice:** This electronic message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2521, and contains information from The Mike Cox Law Firm, PLLC which may be confidential, legally privileged or otherwise protected from disclosure. This information is intended for the use of the addressee only. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, printing or any other use of, or any action in reliance on the contents of this electronic message is strictly prohibited. If you have received this communication in error, please notify us by telephone at (734) 591-4002 and delete the original message.

**IRS Circular 230 Notice:** Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is the advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.

**Electronic Signature:** Nothing contained in this communication is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Paul Nicoletti [mailto:pauljnicoletti@gmail.com]
**Sent:** Thursday, June 11, 2015 8:51 PM
**To:** R.J. Cronkhite
**Subject:** Re: Stipulation and revealing my client's identity for settlement purposes - Settlement Communication Pursuant to FRE 408 - Malibu Media, LLC v. Doe, 2:15-cv-10274

RJ, thank you for your condolences.  Your suggestion however does not provide for the issuance of a summons which can be filed under seal as well as the waiver.  In other words, we still need to issue a summons and file the return despite the fact that your client is proceeding without being publicly named.  Thoughts?

Best Regards,

**NICOLETTI LAW, PLC**
Paul Nicoletti  (P-44419)
33717 Woodward Avenue, Ste. #433
Birmingham, MI 48009
Landline: (248) 203-7800

**R.J. Cronkhite**

---

**From:** R.J. Cronkhite
**Sent:** Tuesday, June 16, 2015 7:42 PM
**To:** Paul J. Nicoletti (pauljnicoletti@gmail.com)
**Subject:** Proposed Protective Order

Paul,

Hope your email is up and operational.

When you have time, please email me a Word version of your protective order; I want to incorporate it directly within the stipulation we discussed and return for your review and approval.

Regards,
R.J. Cronkhite
Associate Attorney
The Mike Cox Law Firm, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
734-591-4002 (o)
734-558-5809 (c)
734-591-4006 (f)

**Confidentiality Notice:** This electronic message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2521, and contains information from The Mike Cox Law Firm, PLLC which may be confidential, legally privileged or otherwise protected from disclosure. This information is intended for the use of the addressee only. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, printing or any other use of, or any action in reliance on the contents of this electronic message is strictly prohibited. If you have received this communication in error, please notify us by telephone at (734) 591-4002 and delete the original message.

**IRS Circular 230 Notice:** Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is the advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.

**Electronic Signature:** Nothing contained in this communication is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

# R.J. Cronkhite

| | |
|---|---|
| **From:** | R.J. Cronkhite |
| **Sent:** | Wednesday, June 17, 2015 2:38 PM |
| **To:** | Paul J. Nicoletti (pauljnicoletti@gmail.com) |
| **Subject:** | Request for Proposed Protective Order |

Paul,

Could you please provide me with the draft protective order that we discussed yesterday?

Thanks.

R.J. Cronkhite
Associate Attorney
The Mike Cox Law Firm, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
734-591-4002 (o)
734-558-5809 (c)
734-591-4006 (f)

**Confidentiality Notice:** This electronic message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2521, and contains information from The Mike Cox Law Firm, PLLC which may be confidential, legally privileged or otherwise protected from disclosure. This information is intended for the use of the addressee only. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, printing or any other use of, or any action in reliance on the contents of this electronic message is strictly prohibited. If you have received this communication in error, please notify us by telephone at (734) 591-4002 and delete the original message.

**IRS Circular 230 Notice:** Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is the advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.

**Electronic Signature:** Nothing contained in this communication is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** R.J. Cronkhite
**Sent:** Tuesday, June 16, 2015 7:42 PM
**To:** Paul J. Nicoletti (pauljnicoletti@gmail.com)
**Subject:** Proposed Protective Order

Paul,

Hope your email is up and operational.

When you have time, please email me a Word version of your protective order; I want to incorporate it directly within the stipulation we discussed and return for your review and approval.

**R.J. Cronkhite**

| | |
|---|---|
| **From:** | R.J. Cronkhite |
| **Sent:** | Thursday, June 18, 2015 11:50 AM |
| **To:** | Paul J. Nicoletti (pauljnicoletti@gmail.com) |
| **Subject:** | RE: Request for Proposed Protective Order |

Paul,

I've drafted my portion of the stipulation. Please send me the protective order.

Thanks.

R.J. Cronkhite
Associate Attorney
The Mike Cox Law Firm, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
734-591-4002 (o)
734-558-5809 (c)
734-591-4006 (f)

**Confidentiality Notice:** This electronic message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2521, and contains information from The Mike Cox Law Firm, PLLC which may be confidential, legally privileged or otherwise protected from disclosure. This information is intended for the use of the addressee only. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, printing or any other use of, or any action in reliance on the contents of this electronic message is strictly prohibited. If you have received this communication in error, please notify us by telephone at (734) 591-4002 and delete the original message.

**IRS Circular 230 Notice:** Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is the advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.

**Electronic Signature:** Nothing contained in this communication is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**R.J. Cronkhite**

| | |
|---|---|
| **From:** | R.J. Cronkhite |
| **Sent:** | Friday, June 19, 2015 11:16 AM |
| **To:** | Paul J. Nicoletti (pauljnicoletti@gmail.com) |
| **Subject:** | Pending Stipulation |

Paul,

I cannot wait much longer regarding the stipulation we've discussed.  If we cannot work out a stipulation today, I intend to file a response to your motion and proceed to hearing.

Regards,
R.J. Cronkhite
Associate Attorney
The Mike Cox Law Firm, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
734-591-4002 (o)
734-558-5809 (c)
734-591-4006 (f)

**Confidentiality Notice:** This electronic message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2521, and contains information from The Mike Cox Law Firm, PLLC which may be confidential, legally privileged or otherwise protected from disclosure. This information is intended for the use of the addressee only. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, printing or any other use of, or any action in reliance on the contents of this electronic message is strictly prohibited. If you have received this communication in error, please notify us by telephone at (734) 591-4002 and delete the original message.

**IRS Circular 230 Notice:** Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is the advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.

**Electronic Signature:** Nothing contained in this communication is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

## R.J. Cronkhite

| | |
|---|---|
| **From:** | R.J. Cronkhite |
| **Sent:** | Monday, June 22, 2015 5:44 PM |
| **To:** | 'Paul Nicoletti' |
| **Subject:** | deadline for stipulation and order - 6/23 noon |

Paul,

My response to your notice is, by court order, due Wednesday.  Unless we can wrap this stipulation up tomorrow by noon, I'll need to devote my time to finishing my response and won't have time for the stipulation and order.

Please let me know whether I can sign your name to the stip and order and submit for entry, or provide me your requested changes so I can make changes before noon tomorrow.

Thanks.

R.J. Cronkhite
Associate Attorney
The Mike Cox Law Firm, PLLC
17430 Laurel Park Drive North, Suite 120 E
Livonia, MI 48152
734-591-4002 (o)
734-558-5809 (c)
734-591-4006 (f)

**Confidentiality Notice:** This electronic message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2521, and contains information from The Mike Cox Law Firm, PLLC which may be confidential, legally privileged or otherwise protected from disclosure. This information is intended for the use of the addressee only. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, printing or any other use of, or any action in reliance on the contents of this electronic message is strictly prohibited. If you have received this communication in error, please notify us by telephone at (734) 591-4002 and delete the original message.

**IRS Circular 230 Notice:** Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is the advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.

**Electronic Signature:** Nothing contained in this communication is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 24, 2014, I electronically filed the foregoing paper using the CM/ECF system, which automatically transmitted a Notice of Electronic Filing to all ECF registrants in this matter.

Respectfully submitted,

The Mike Cox Law Firm, PLLC

<u>/s/ R.J. Cronkhite</u>
R.J. Cronkhite (P78374)
*Attorneys for Defendant*
17430 Laurel Park Drive North, Suite
120E Livonia, MI 48152
(734) 591-4002
rj@mikecoxlaw.com